NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3222

SUSAN M. BARELA,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Susan M. Barela, of Fairfax, Virginia, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director. Of counsel on the brief was Isaac Natter, Associate Counsel, Office of General Counsel, Naval District Washington, United States Department of the Navy, of Washington Navy Yard, DC.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3222

SUSAN M. BARELA,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Petition for review of the Merit Systems Protection Board in consolidated case nos. DC0752080046-A-1, DC0752080046-P-1, and DC0752080046-P-2.

_____

DECIDED: December 14, 2009
_____

Before MICHEL, Chief Judge, RADER and SCHALL, Circuit Judges.

PER CURIAM.

DECISION

Susan M. Barela petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied her motions for attorney fees, compensatory damages, and consequential damages. Barela v. Dep't of the Navy, Nos. DC-0752-08-0046-A-1; DC-0752-08-0046-P-1; and DC-0752-08-0046-P-2 (M.S.P.B. May 26, 2009) ("Final Decision") We affirm.

DISCUSSION

I.

After Ms. Barela was removed from her position with the Department of the Navy ("agency"), she appealed to the Board. Subsequently, on May 12, 2008, Ms. Barela and the agency entered into a written settlement agreement to resolve the appeal. The agreement was signed by Ms. Barela and her attorney. In paragraph 4(b)(3) of the agreement, Ms. Barela waived "any and all claims for back pay, attorney fees, compensatory damages, and any other expenses incurred in connection with her employment with the agency . . . ."

On May 16, 2008, Ms. Barela sought to "revoke her signature" on the settlement agreement. In due course, after Ms. Barela's attorney had withdrawn as counsel and Ms. Barela had determined to proceed pro se, the administrative judge ("AJ") to whom the appeal was assigned determined that the settlement agreement was lawful on its face, that it had been freely reached by the parties, and that the parties understood its terms. He therefore ordered the agreement entered into the record and dismissed Ms. Barela's appeal. On October 3, 2008, the Board denied Ms. Barela's petition for review of the AJ's ruling; Ms. Barela did not file a timely appeal of that decision.

On October 6 and 7, 2008, Ms. Barela filed with the Board motions for attorney fees, compensatory damages, and consequential damages. In an initial decision, the AJ to whom the matter was assigned denied the motions. Barela v. Dep't of the Navy, Nos. DC-0752-08-0046-A-1; DC-0752-08-0046-P-1; DC-0752-08-0046-P-2 (M.S.P.B. Jan. 16, 2009) ("Initial Decision"). The Initial Decision became the final decision of the

2009-3222                          2

Board on May 26, 2009 after the Board denied Ms. Barela's petition for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Ms. Barela does not challenge the denial of her motions for attorney fees and damages. Rather, she argues at length against the agency's original removal action. Ms. Barela is not in a position to contest the removal action, however. She entered into a settlement agreement which resolved her appeal of the action; the Board rejected her attempt to revoke the agreement; and she failed to timely appeal the Board's decision.

In any event, we see no error in the decision of the Board denying Ms. Barela's several motions. See Initial Decision at 4. Under paragraph 4(b)(3) of the settlement agreement, which is binding on her, Ms. Barela waived any claims to attorney fees and compensatory and consequential damages. The Board therefore correctly held that those claims were precluded by the settlement agreement.

For the foregoing reasons, the final decision of the Board is affirmed.