NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUSAN M. BARELA,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2010-3069

---

Petition for review of the Merit Systems Protection Board in case no. DC0752080046-C-3.

---

Decided: June 15, 2010

---

SUSAN M. BARELA, of Fairfax, Virginia, pro se.

MICHAEL D. SNYDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and ALAN J. LO RE, Assistant Director. Of counsel on the brief was ISAAC J. NATTER, Associate Counsel, Office of General Counsel,

Naval District Washington, United States Department of
the Navy, of Washington, DC.

_____

Before NEWMAN, DYK, and PROST, *Circuit Judges.*

PER CURIAM.

Petitioner Susan M. Barela petitions for review of the
final decision of the Merit Systems Protection Board
("Board"), which denied Ms. Barela's third petition to
enforce a settlement agreement ("Agreement") that she
had entered into with the Department of the Navy. We
*affirm.*

BACKGROUND

Because the history and facts of this case are set forth
in our previous opinion, *Barela v. Dep't of the Navy*, 358
Fed. App'x 148 (Fed. Cir. 2009) (*Barela I*), we do not
repeat them here. We do, however, supplement them
appropriately.

The instant appeal stems from Ms. Barela's third pe-
tition to enforce the Agreement, which was intended to
resolve a dispute over the Navy's termination of her
employment. Under the Agreement, the Navy would
rescind various personnel actions, including her removal,
remove references to such actions from her Official Per-
sonnel Folder, and pay Ms. Barela $32,000 through her
attorney within six weeks of the Navy's receipt of routing
or account information required to make the payment. In
return, Ms. Barela agreed to resign effective September
20, 2007, withdraw her Board appeal, refrain from filing
other actions against the Navy as a result of her employ-

ment, and waive her right to seek any further payments or damages not within the Agreement.

On May 16, 2008, four days after she signed the Agreement, Ms. Barela tried unsuccessfully to revoke it. Ms. Barela appealed the Board's final decision, upholding the Agreement's validity and denying her motions to recover attorney fees, compensatory damages, and consequential damages, to this court in *Barela I*. On December 14, 2009, we affirmed, concluding that Ms. Barela is bound by the Agreement and under its terms, she waived any additional claims. *Id.*

During Ms. Barela's challenge to the Agreement's validity, she also filed a petition to enforce the Agreement, which the administrative judge denied on January 16, 2009. The administrative judge found that Ms. Barela's filings of motions for attorney fees, compensatory damages, and consequential damages were in violation of the Agreement and because she was in material breach, her actions excused the Navy's noncompliance. J.A. 54-61. When the Board denied Ms. Barela's petition for review of this decision, the administrative judge's initial decision became final. J.A. 220-22. Ms. Barela filed a second petition to enforce the Agreement, which the administrative judge dismissed without prejudice on April 3, 2009. J.A. 161-66. When the Board denied Ms. Barela's petition for review of the administrative judge's initial decision of her second petition to enforce, it too became the final decision of the Board. J.A. 167-69. Ms. Barela did not appeal either of her first two petitions to enforce and therefore neither is at issue here.

On May 27, 2009, Ms. Barela filed a "Request to Vacate Initial Decision per Settlement Agreement," which the Board accepted as her third petition to enforce. The

administrative judge issued an Acknowledgement Order, dated June 8, 2009, providing the Navy forty-five days to show that it complied with its obligations under the Agreement or had good cause for noncompliance. J.A. 223-26. On June 12, 2009, the administrative judge issued another order in which he explained the procedural posture of the case and stated that the Navy was not obligated to comply with the Agreement during Ms. Barela's challenge to its validity and material breach of it. J.A. 227-31. The Navy timely responded to the Acknowledgement Order, demonstrating that after its issuance it complied with its obligations under the Agreement. J.A. 232-53. In response, Ms. Barela asserted that the administrative judge and the Board failed to provide her with the relief she requested, disputed the Navy's purported compliance, and averred that she was in compliance with her obligations under the Agreement.

On August 10, 2009, the administrative judge issued an initial decision, denying Ms. Barela's third petition to enforce because the Navy complied with the Agreement despite Ms. Barela's ongoing material breach. On December 4, 2009, the full Board denied Ms. Barela's petition for review of the administrative judge's decision, making the initial decision final. Ms. Barela now appeals the validity of this final decision, which is the only decision before us on appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We may set aside a decision of the Board only when it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation

having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3).

On appeal, Ms. Barela appears to argue that we should set aside the Board's decision as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law because the record fails to show that the Navy complied with its obligation under the Agreement to pay $32,000 to her attorney in the specified timeframe or that she was in material breach of the Agreement. We disagree.

Substantial evidence in the record supports the Board's reasonable findings that the Navy complied with the Agreement despite Ms. Barela's actions and pleadings that were in material breach of the Agreement's terms. Ms. Barela first began challenging the validity of the Agreement by attempting to revoke her signature just four days after she signed it. Then she filed motions for attorney fees, compensatory damages, and consequential damages that were in violation of the express terms of the Agreement. These filings were followed by Ms. Barela's repeated motions to enforce the Agreement, which Ms. Barela simultaneously contested was invalid. Even though the Board determined that Ms. Barela's pleadings were in material breach of the Agreement and excused the Navy's noncompliance to that point, the Navy thereafter proceeded to comply with its obligations under the Agreement.

The Board then denied her motion to enforce because the Navy demonstrated that Ms. Barela had received the relief to which she was entitled under the Agreement. Ms. Barela has not established any reason that we should set aside the Board's decision and we see no error in the decision of the Board denying her motion to enforce.

Consequentially, the final decision of the Board is affirmed.